IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF OHIO

**DONALD NICHOLS,**

    Plaintiff,

vs.

**CAPITAL ONE BANK (USA), N.A.,**

    Defendants.

Case No.:

**PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL**

## COMPLAINT

DONALD NICHOLS ("Plaintiff"), by his attorney, alleges the following against CAPITAL ONE BANK (USA), N.A. ("Defendant"):

1. Plaintiff brings this action on behalf of himself individually seeking damages and any other available legal or equitable remedies resulting from the illegal actions of Defendant, in negligently, knowingly, and/or willfully contacting Plaintiff on Plaintiff's cellular telephone in violation of the Telephone Consumer Protection Act (hereinafter "TCPA"), *47 U.S.C. § 227 et seq.*

## JURISDICTION AND VENUE

2. Defendant conducts business in the state of Ohio, and therefore, personal jurisdiction is established.

3. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and 47 U.S.C. §227(b)(3). See, *Mims v. Arrow Financial Services, LLC*, 132 S. Ct. 740 (2012), holding that federal and state courts have concurrent jurisdiction over private suits arising under the TCPA.

4. Venue is proper in the United States District Court for the Northern District of Ohio pursuant to 28 U.S.C § 1391(b) because Plaintiff resides within this District and a substantial part of the events or omissions giving rise to the herein claims occurred, or a substantial part of property that is the subject of the action is situated within this District.

## PARTIES

5. Plaintiff is a natural person residing in the county of Cuyahoga in the city of Maple Heights, Ohio and is otherwise *sui juris*.

6. Defendant is a corporation doing business in the State of Ohio and is a Virginia corporation with its principal place of business located in McLean, Virginia.

7. At all times relevant to this Complaint, Defendant has acted through its agents, employees, officers, members, directors, heir, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers.

## FACTUAL ALLEGATIONS

8. Defendant is a "person" as defined by 47 U.S.C. § 153(39).

9. Defendant placed collection calls to Plaintiff seeking and attempting to collect on alleged debts owed by Plaintiff.

10. Defendant placed collection calls to Plaintiff's cellular telephone at phone number (216) 773-15XX.

11. Defendant placed collection calls to Plaintiff from phone numbers including, but not limited to, (800) 955-6600.

12. Per its prior business practices, Defendant's calls were placed with an automated telephone dialing system ("auto-dialer").

13. Defendant used an "automatic telephone dialing system", as defined by 47 U.S.C. § 227(a) (1) to place its telephone calls to Plaintiff seeking to collect a consumer debt allegedly owed by Plaintiff, DONALD NICHOLS.

14. Defendant's calls constituted calls that were not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A).

15. Defendant's calls were placed to a telephone number assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

16. Defendant never received Plaintiff's "prior express consent" to receive calls using an automatic telephone dialing system or an artificial or prerecorded voice on his cellular telephone pursuant to 47 U.S.C. § 227(b)(1)(A).

17. On April 24, 2018, at or around 11:17 a. m. Pacific Standard Time, Plaintiff spoke with Defendant's male representative at phone number (800) 955-6600 and requested that Defendant cease calling Plaintiff's cellular phone.

18. During the conversation, Plaintiff gave Defendant his name to assist Defendant in accessing his account. Defendant's representative informed Plaintiff that he was unable to access his account due to a technical issue but that he could take his cell phone number and place it on a "do not call" list. Plaintiff told Defendant his cell phone number and was informed that he woud no longer receive any calls beyond a twenty-four hour grace period.

19. Plaintiff revoked any consent, explicit, implied, or otherwise, to call his cellular telephone and/or to receive Defendant's calls using an automatic telephone dialing system in his conversation with Defendant's representative on April 24, 2018.

PLAINTIFF'S COMPLAINT

20. Despite Plaintiff's request to cease, Defendant continued to place collection calls to Plaintiff through July 24, 2018.

21. Despite Plaintiff's request that Defendant cease placing automated collection calls, Defendant placed at least Sixty-nine (69) automated calls to Plaintiff's cell phone.

**FIRST CAUSE OF ACTION**
**NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT**
**47 U.S.C. § 227**

22. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-21.

23. The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above cited provisions of 47 U.S.C. § 227 et seq.

24. As a result of Defendant's negligent violations of 47 U.S.C. § 227 et seq., Plaintiff is entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. §227(b)(3)(B).

25. Plaintiff is also entitled to seek injunctive relief prohibiting such conduct in the future.

**SECOND CAUSE OF ACTION**
**KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT**
**47 U.S.C. § 227 et. seq.**

26. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-21.

27. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above cited provisions of 47 U.S.C. § 227 et seq.

28. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 et seq., Plaintiff is entitled an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

29. Plaintiff is also entitled to seek injunctive relief prohibiting such conduct in the future.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, DONALD NICHOLS, respectfully requests judgment be entered against Defendant, CAPITAL ONE BANK (USA), N.A. for the following:

### FIRST CAUSE OF ACTION

30. For statutory damages of $500.00 multiplied by the number of TCPA violations alleged herein (69), $34,500.00;

31. Actual damages and compensatory damages according to proof at time of trial;

### SECOND CAUSE OF ACTION

32. For statutory damages $1,500.00 multiplied by the number of TCPA violations alleged herein (69), $103,500.00;

33. Actual damages and compensatory damages according to proof at time of trial;

### ON ALL CAUSES OF ACTION

34. Costs and reasonable attorneys' fees;

35. Any other relief that this Honorable Court deems appropriate.

## JURY TRIAL DEMAND

36. Plaintiff demands a jury trial on all issues so triable.

RESPECTFULLY SUBMITTED,

Dated: September 25, 2018

By: /s/ *Peter Cozmyk*

Peter Cozmyk
Attorney for Plaintiff, Donald Nichols
COZMYK LAW OFFICES, LLC
6100 Oak Tree Blvd., Ste. 200
Independence, OH 44131
P: (877) 570-4440
F: (216) 485-2125
E: Pcozmyk@cozmyklaw.com

PLAINTIFF'S COMPLAINT